IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALTAVIOUS DEMON JACKSON** ) | |
| BOP Prisoner NO. 17382-003, ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 20-00346-CG-N |
| ) | |
| ) | CRIMINAL ACTION NO. 17-00253-CG-N |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Respondent,** | |

## ORDER

This matter is before the Court on the amended motion of Altavious Demon Jackson ("Jackson"), proceeding without counsel (*pro se*), to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 112), Respondent's opposition thereto (Doc 116), and Jackson's reply (Doc. 117). Having reviewed the parties' submissions and other relevant portions of the record in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court finds that neither expansion of the record nor an evidentiary hearing is warranted, and that Jackson's Amended § 2255 motion should be **DENIED**.

## BACKGROUND

In 2017 Jackson was indicted for possessing two firearms and Winchester .9 mm ammunition after being convicted of a felony. (Doc. 1). Jackson pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (Docs. 71, 72). As part of his plea agreement Jackson agreed that he understood the

United States had to prove:

> First, that the defendant knowingly possessed the ammunition in or affecting interstate commerce; and second, before the defendant possessed the ammunition, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

(Doc. 71, PageID.243). Jackson also admitted he "had been previously convicted of the felony offenses alleged in the indictment." (Doc. 71, PageID.244). The presentence investigation report lists Jackson's criminal history and shows that he had multiple convictions resulting in prison terms of a year or more from 2002 through 2015. (Doc. 80, PageID.279-283). Jackson was convicted of six drug-related felonies in 2002 and 2006. (PageID.279-80). In 2009, he was convicted of conspiracy to commit burglary, conspiracy to commit theft by taking, second-degree conspiracy to commit criminal damage to property, attempted burglary, theft by receiving a motor vehicle, and giving a false name. (PageID.281). For that conduct, Jackson received an eight-year prison sentence, with all but two years suspended. (*Id.*). In 2014, Jackson was convicted of second-degree forgery. (PageID.282). In 2015, Jackson was convicted of a smash and grab burglary, second-degree criminal damage to property and aggravated assault. (PageID.282). For that conduct Jackson was sentenced to six years in prison, with all but one year suspended. (*Id.*). This Court found that, due to Jackson's criminal history and the nature of the offense, a sentence at the high end of the current guidelines was appropriate, and imposed a sentence of 87 months. (Doc. 99, PageID.392; Doc. 88, PageID.318).

Jackson filed a notice of appeal on June 3, 2019. (Doc. 90). On June 21, 2019,

the Supreme Court issued its decision in *Rehaif v. United States*, 588 U.S. ___, 139 S.Ct. 2191 (2019) which held that a § 922(g) offense requires proof that the defendant knew of his prohibited status.  On September 9, 2019, Jackson filed his appellate brief arguing that the Court erred in calculating his sentence and that his sentence is substantively unreasonable. (Doc.116, PageID.502-524).  The United States moved to dismiss Jackson's appeal based on the appeal waiver contained in his plea agreement. The Court of Appeals dismissed Jackson's appeal, finding that the waiver of appeal was knowingly and voluntarily given, and that Jackson had waived his right to appeal. (Doc. 103, PageID.404).

On June 22, 2020, Jackson moved to vacate judgment under 28 U.S.C. § 2255 (Doc. 111).  Jackson subsequently filed an amended motion to vacate judgment, which was docketed by the Court on September 6, 2020. (Doc. 112).  Jackson's § 2255 asserts that the Supreme Court's decision in *Rehaif* requires this Court to vacate his plea and sentence.  The United States filed a response in opposition asserting that Jackson's claims should be denied as procedurally defaulted because he failed to raise his arguments at prior proceedings. (Doc. 116).  The United States also asserts that Jackson's claims lack merit. (Doc. 116, PageID.496-499).  On August 13, 2021, Jackson moved to supplement his motion with evidence of exhaustion. (Doc. 119).  Jackson's motion to supplement was granted and Jackson was ordered to file on or before September 23, 2021 "any briefing and supporting materials he deems necessary showing cause why his § 2255 motion should not be dismissed as procedurally defaulted for the reasons explained in the United States'

3

Response." (Doc. 120, PageID.540).   Jackson then moved for appointment of counsel asserting that due to his lack of education and the restrictions instituted because of COVID he would be unable to adequately or timely represent himself. (Doc. 121).  This Court denied Jackson's motion to appoint counsel but extended his deadline to supplement his § 2255 until October 25, 2021. (Doc. 122).   To date, Jackson has not filed anything to supplement his amended § 2255 motion.

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014).  However, "[o]nce the defendant's chance to appeal has been waived or exhausted," a court is "entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982).  "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citing *Frady*, 456 U.S. at 165 (collecting cases)).  "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (internal citations,

quotations, and footnote omitted).

> Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." [28 U.S.C.] § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron[ v. United States]*, 291 F.3d [708,] 715 [(11th Cir. 2002)] (quoting *Holmes v. United States,* 876 F.2d 1545, 1552 (11th Cir. 1989)). "[A] petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, a district court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes,* 876 F.2d at 1553 (quoting *United States v. Guerra,* 588 F.2d 519, 520–21 (5th Cir. 1979)); *see, e.g., Lynn v. United States,* 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the . . . affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

*Winthrop-Redin*, 767 F.3d at 1216 (footnote omitted); *accord, e.g., Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).  In making this determination, the Court is aware that it must "liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin*, 767 F.3d at 1215.

"[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error ..., must show a reasonable probability that, but for the error, he would not have entered the plea." United *States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (analyzing plain error under Rule 11).  "[T]he burden of justifying federal *habeas* relief for state prisoners is greater than the showing required to establish plain error on direct appeal." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *Engle v. Isaac,* 456 U.S. 107,

5

135 (1982)).  Thus, if a claim would fail under plain error review, it would necessarily fail under the harmless error standard.

> On collateral review, the harmless error standard mandates that "relief is proper only if the ... court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict. There must be more than a reasonable possibility that the error was harmful." *Davis v. Ayala*, 576 U.S. 257, 267–68, 135 S. Ct. 2187, 192 L.Ed.2d 323 (2015) (internal quotation marks and citations omitted); *Ross v. United States*, 289 F.3d 677, 682 (11th Cir. 2002) (per curiam) (applying this standard to a § 2255 motion). Put another way, the court may order relief only if the error "resulted in actual prejudice." [*Brecht,* 507 U.S. at 637] (internal quotation marks and citation omitted).

*Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021).

In his amended § 2255, Jackson alleges that his "mental judgment and overall cognition was extremely hazy leading up to, and at the time of his arrest, so he actually did not know of his prohibited status at the time he violated 922(g)" and that "he would not have pled guilty" if he had known of the government's burden under *Rehaif*. (Doc. 112, PageID.435).  Prior to *Rehaif,* § 924(e)'s *mens rea* requirement applied only to a defendant's possession of a firearm. In *Rehaif*, however, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status." 139 S. Ct. at 2194.  Thus, to prove a violation of § 922(g) after *Rehaif*, the government "must show that the defendant knew he possessed a firearm and also knew he had the relevant status when he possessed it." *Id.*  In a subsequent opinion, the Supreme Court clarified that "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal

that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021).

In the instant case, Jackson failed to raise a *Rehaif* claim on direct appeal and thus, his claim is procedurally defaulted.[1] Moreover, even if Jackson's claim was not procedurally defaulted, it lacks merit. Jackson cannot meet his burden of showing that the error was not harmless because circumstantial evidence establishes that Jackson knew of his felon status. *See United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2827 (2021), and *cert. denied sub nom. Jones v. United States*, 141 S. Ct. 2827 (2021) ("Neither can satisfy his burden of proving a reasonable probability that he would have obtained a different result but for the error, because circumstantial evidence establishes that each knew of his felon status. *internal citation omitted.*"). Jackson stipulated that he was a convicted felon. "If a person is a felon, he ordinarily knows he is a felon," a "simple truth [that] is not lost on juries" or defendants. *Greer*, 141 S. Ct. at 2097. "And someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Innocent,* 977 F.3d at 1082 (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)).  If the case had proceeded to trial Jackson's multiple felony convictions "would have provided the government powerful evidence that he knew he was a felon." *Id.*  Additionally, the Eleventh Circuit has "previously held that serving more than a year in prison provides circumstantial evidence of

---

[1] The Court notes that Jackson actually filed his notice of appeal on June 3, 2019, eighteen days before *Rehaif* was issued on June 21, 2019.  However, Jackson's notice of appeal did not state the bases of his appeal and Jackson did not file his appellate brief detailing his claims until September 9, 2019, more than three months after *Rehaif*.

7

knowledge of felon status." *Id.* at 1083 (citing *Reed*, 941 F.3d at 1022; *United States v. Moore*, 954 F.3d 1322, 1337–38 (11th Cir. 2020)).  Jackson served multiple prison terms of a year or more.

Jackson argues in his reply that a footnote in *United States v. Dominguez Benitez*, 542 U.S. 74 (2004) mandates a finding that his plea was constitutionally invalid because it was not made knowingly and voluntarily.  Jackson contends that he does not have to show a reasonable probability that but for the error he would not have entered the plea.  In the *Dominguez Benitez* footnote, the Supreme Court distinguished a typical Rule 11 error from the "constitutional question" of "whether a defendant's guilty plea was knowing and voluntary." 542 U.S. at 84 n.10.  The Court explained that it had previously held, "for example, that when the record of a criminal conviction obtained by a guilty plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed." *Id.*  Such a conviction cannot "be saved even by overwhelming evidence that the defendant would have pleaded guilty regardless." *Id.*  However, only "certain structural errors undermining the fairness of a criminal proceeding as a whole" require "reversal without regard to the mistake's effect on the proceeding." *Id.* at 81.  This Court does not find that the *Rehaif* error claimed here falls in the narrow category of errors recognized by the *Dominguez Benitez* footnote.  The argument that a petitioner does not have to prove a reasonable probability of a different result if he claims that he would not have pled guilty if he had known of the government's burden under *Rehaif* is foreclosed by Eleventh Circuit precedent. *United States v.*

8

*Scott*, 828 F. App'x 568, 572 (11th Cir. 2020) (citing *United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020) and *United States v. McLellan*, 958 F.3d 1110 (11th Cir. 2020)). The Eleventh Circuit has consistently held that even on direct appeal a defendant asserting a claim under *Rehaif* must show a reasonable probability that, but for the error, he would not have entered the plea. Under the circumstances here, the Court finds that the motion and the files and records of the case conclusively show that Jackson is not entitled to relief. Accordingly, the Court finds a hearing is not necessary and Jackson's § 2255 motion should be denied.

## CONCLUSION

For the reasons stated above, the amended motion of Altavious Demon Jackson to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 112), is hereby **DENIED**.

**DONE** and **ORDERED** this 7th day of February, 2022.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE